United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARYLAND CASUALTY COMPANY,

    Plaintiff,                                        No. C 05-02558 JSW

    v.

UNITED STATES OF AMERICA,           **NOTICE OF TENTATIVE RULING AND QUESTIONS**

    Defendant.
_____/

        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 3, 2006 AT 9:00 A.M.:

        The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

        The Court tentatively GRANTS Defendant's motion for judgment on the pleadings for lack of subject matter jurisdiction.

The parties shall have 20 minutes each to address the following questions:

(1) Is there any authority for Defendant's proposition that decisions regarding contract delegation of responsibility are planning level decisions or susceptible to policy consideration and therefore shielded from liability?

(2) Does Defendant contend that the discretionary function exception extends to the conduct of Coast Guard Maintenance Supervisor Fred Heminger ("Heminger")?

    a. In determining whether the discretionary function exception applies to the action of a government employee, a court must consider whether the action is a matter of choice for the acting employee. *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "It is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *United States v. S.A. Empressa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 820 (1984). "[I]f the employee's conduct cannot appropriately be the product of judgment or choice, then there is no discretion in the conduct for the discretionary function exception to protect." *Berkovitz*, 486 U.S. at 536. If Heminger lacked authority by contract, does that mean that Heminger's conduct cannot be the product of discretion?

    b. Can Plaintiff point to a statute, regulation, or policy specifically prescribing a course of conduct for Heminger to follow? Does the Notice of Proposed Fourteen Day Suspension issued by Defendant to Heminger following the incident serve as evidence of such a mandatory policy?

    c. Even if Heminger's conduct was discretionary, the Court must also determine whether his decisions were the product of a policy judgment. "There must be reasonable support in the record for a court to find, without imposing its own conjecture, that a decision was policy-based or susceptible to policy analysis." *Marlys Bear Med. v. United States*, 241 F.3d 1208, 1216 (9th Cir. 2001). What evidence does Defendant have that Heminger's conduct was policy-based or susceptible to policy analysis?

(3) Is there anything further the parties wish to address?

**IT IS SO ORDERED.**

Dated: March 1, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2